CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
6/1/2020
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
        DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| DEBORAH C., <br><br> Plaintiff,[1] <br><br> v. <br><br> ANDREW SAUL, <br> COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant.[2] | CASE NO. 6:18-cv-00079 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on consideration of the parties' cross-motions for summary judgment, Dkts. 12, 14, the Report and Recommendation of United States Magistrate Judge Robert S. Ballou, Dkt. 19 ("R&R"), Plaintiff Deborah C's objections, Dkt. 20, and the Commissioner's response thereto, Dkt. 21. Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to Judge Ballou for proposed findings of fact and a recommended disposition. In the R&R, the Judge Ballou recommended this Court deny Plaintiff's motion for summary judgment and grant the Commissioner's motion for summary judgment.

The Court conducts a *de novo* review of those portions of the R&R to which Plaintiff objects. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). A plaintiff must make specific objections to the R&R; a plaintiff's objection must be more than mere disagreement with the

---

[1] This Court adopts the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] Andrew M. Saul became Commissioner of Social Security in June 2019. Commissioner Saul is hereby substituted for the former Acting Commissioner, Nancy A. Berryhill, as the named defendant in this action. See 42 U.S.C. § 405(g), Fed. R. Civ. P. 25(d).

Magistrate Judge's conclusions. *See Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008). For the following reasons, the Court concludes that Plaintiff's objections are without merit, and it adopts the R&R in full.

**Standard of Review**

A district court's review of a magistrate judge's report and recommendation is undertaken *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); *Farmer v. McBride*, 177 F. App'x 327, 330–31 (4th Cir. 2006). While the Court gives no deference to the magistrate judge's proposed findings and conclusions of law in the R&R, this Court must uphold the factual findings of the Administrative Law Judge ("ALJ") if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019); *Bird v. Comm'r of SSA*, 669 F.3d 337, 340 (4th Cir. 2012). Under this standard of review, the Court must "look[] to an existing administrative record and ask[] whether it contains 'sufficien[t] evidence' to support the [ALJ's] factual determinations." *Biestek*, 139 S. Ct. at 1154 (internal citations omitted).

Substantial evidence is more than a mere scintilla—but less than a preponderance—of the evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650. 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the ALJ's decision. *Id.* Moreover, the reviewing court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig*, 76 F.3d at 589. "Ultimately, it is the duty of the [ALJ] reviewing a case,

and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

## Background

Plaintiff does not appear to object to the R&R's recitation of the factual background and claim history of this case. Dkt. 20. Therefore, the Court will adopt that portion of the R&R into this opinion. *See* R&R at 2–3. By way of summary, the Commissioner denied Plaintiff's request for disability insurance benefits after an ALJ found that Plaintiff had the medically determinable impairments of type II diabetes, glaucoma, hypertension, and complications status-post hysterectomy prior to her date last insured, but he concluded that none of these impairments met the requisite severity threshold to sustain a disability-benefits claim. R&R at 3 (citing R. 12–13).[3] The Appeals Council denied her request for review. *Id.* (citing R. 1–4).

## Analysis

Plaintiff lodges four objections to Judge Ballou's R&R: 1) its purported failure to address the ALJ's lack of explanation of the weight that he accorded to the opinion of Dr. Williams in the Record; 2) its conclusion that any error the ALJ made in stating that Dr. Singer[4] found no severe impairments would be harmless; 3) its conclusion that the ALJ satisfied the requirements of Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3p, 2017 WL 5180304 (S.S.A. Oct. 25, 2017), allegedly without making sufficiently specific findings about Plaintiff's subjective allegations of pain; and 4) its conclusion that substantial evidence supported the ALJ's conclusion that Plaintiff's glaucoma, diabetes, hypertension and

---

[3] The Court denotes citations to the administrative record as "R." followed by the page number.
[4] Dr. Williams and Dr. Singer were both medical doctors who acted as non-treating, non-examining medical sources in the review of Plaintiff's disability claim. R. at 16; *see* 20 C.F.R. § 404.1527.

3

hysterectomy recovery did not meet the requisite severity threshold. The Court will address each of these objections in turn.

At the outset, the Court notes that several of Plaintiff's objections substantially resemble those made before Judge Ballou, and several of them appear to be no more than generalized objections to Judge Ballou's conclusions in his R&R. Federal Rule of Civil Procedure 72(b) requires parties to object to a magistrate judge's findings and recommendations "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "Rehashing arguments raised before the magistrate judge does not comply" with this requirement. *Sandra L. v. Berryhill*, No. 7:17-cv-00417, 2019 WL 1140238, at *2 (W.D. Va. Mar. 12, 2019). "Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation" that have the same effect as a failure to object. *Id*. (citing *Veney*, 539 F. Supp. 2d at 844–45). Here, though largely recycling arguments Judge Ballou already considered, Plaintiff added some limited specific critiques of the R&R. Accordingly, out of an abundance of caution, the Court will undertake a *de novo* review of Plaintiff's objections to the R&R.

1. Weight accorded to Dr. William's opinion

The Court begins by noting, contrary to Plaintiff's first objection, that Judge Ballou *did* address the ALJ's explanation for why it gave little weight to Dr. Williams's opinion that Plaintiff should refrain from concentrated exposure to hazards as a result of her diabetes diagnosis and A1C levels. Dkt. 19 at 6. What is more, the Court concludes that the ALJ's decision to provide little weight to Dr. Williams's opinion is amply justified by substantial evidence in the record. Therefore, for the reasons that follow, the Court will deny Plaintiff's objection.

The ALJ explained that while Dr. Williams found that the Plaintiff should refrain from concentrated exposure to hazards, the ALJ disagreed with this conclusion based on the evidence in the record. R. at 16. Specifically, the ALJ determined that

> Although it is true that the claimant had elevated A1C levels prior to her date last insured, the claimant did not report any symptoms common with diabetes mellitus other than some side effects from Avandia. Further, physical examination findings did not reveal any diabetic complications like neuropathy or retinopathy. Records following the claimant's date last insured also do not contain much in the way of physical examination findings. Injectable insulin was suggested by the claimant's physician in March 2011 and the claimant began using injectable insulin in December 2013. Nevertheless, the claimant reported feeling reasonably well in January 2012 and expressed no complaints.

R. at 16 (internal citations omitted). The ALJ's explanation makes clear that he gave little weight to Dr. Williams's opinion because there was other evidence in the record that weighed against his finding that Plaintiff's diabetes and A1C levels would have imposed such a limitation on her. *See* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). This includes the opinion of Dr. Singer, who found that Plaintiff's diabetes did not impose any significant limitation on her and, indeed, noted that at the end of the relevant period how Plaintiff's A1C levels were decreasing. R. at 96. ("Her diabetes is somewhat limiting, however, at the end of the time frame her A1C levels were decreasing."); R. at 98 ("We have determined your condition was not disabling on any date [through the relevant period]"). The ALJ did not substitute his own opinion for the opinion of Dr. Williams, as Plaintiff contends. Instead, the ALJ dutifully fulfilled his obligation to weigh the evidence in the record and properly evaluated Dr. Williams's opinion. *Hays*, 907 F.2d at 1456 (4th Cir. 1990) ("Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence."). Further, a *de novo* review of the Record demonstrates that there existed substantial

evidence for the ALJ's decision as to the limitation that Dr. Williams's identified. Therefore, Plaintiff's objection is overruled.

### 2. Harmless Error of ALJ's interpretation of Dr. Singer's opinion

The Court will next assess whether, as Plaintiff contends, Judge Ballou erred in concluding that "any error by the ALJ in stating that Dr. Singer found no severe impairments is harmless." Dkt. 20 at 2. The ALJ and the Commissioner had asserted that Dr. Singer concluded that Plaintiff did not have any severe impairments. Dkt. 19 at 5 n.4. As Judge Ballou observed, Dr. Singer's opinion notes in two places that Plaintiff's conditions are non-severe. R. at 94. However, on one page in his opinion, Dr. Singer marked under the section of his opinion titled "Medically Determinable Impairment and Severity" that Plaintiff had "Diabetes Mellitus" as an impairment, marking this impairment as "Severe" under the "Severity" column. R. at 95.

Plaintiff argues that any error that the ALJ made in stating that Dr. Singer found no severe impairments is prejudicial because the ALJ would have continued on with the five-step process for evaluating disability claims, rather than stopping at step two. *Johnson*, 434 F.3d at 654 n.1 (citing 20 C.F.R. § 404.1520). The Commissioner disagrees, pointing to how Dr. Singer did not find any functional limitations associated with Plaintiff's diabetes, even if he had made a finding that her diabetes was severe. An error is harmless if any reasonable ALJ would have come to the same conclusion had he not made the error. *See Davis v. Astrue*, No. 2:07–231, 2008 WL 540899, at *3 (D.S.C. Feb. 22, 2008).

At step two of the disability-claims analysis, the ALJ must make a determination as to whether a claimant has a severe medically determinable impairment or combination of impairments. 20 C.F.R. § 404.1520(c). 20 C.F.R. § 404.1522(a) states that "an impairment or combination of impairments is not severe if it does not *significantly* limit your physical or mental

6

ability to do basic work activities." (emphasis supplied). Even accepting that the ALJ erred in stating that Dr. Singer found no severe impairments—based solely on Dr. Singer's indication in the "severity" column for Plaintiff's diabetes mellitus impairment—no reasonable ALJ would have found that Plaintiff had a severe impairment if that error had not been made. This is because Dr. Singer's opinion goes on to state that "[Plaintiff's] diabetes is somewhat limiting, however, at the end of the time frame her A1C levels were decreasing." R. at 96. "Somewhat limiting" does not meet 20 C.F.R. § 404.1522(a)'s severity threshold, which requires that an impairment "significantly limit" physical or mental abilities in order for it to qualify. In any event, Dr. Singer ultimately concluded that Plaintiff did not suffer any disabling condition during the relevant time period. R. at 98.

In addition, objective medical evidence in the record on which the ALJ based his decision further established that Plaintiff's diabetes was not a severe impairment within the context of 20 C.F.R. § 404.1520(c). For example, the ALJ noted how Plaintiff had not begun taking injectable insulin to treat her diabetes until after the relevant period had ended. R. at 15. He also highlighted that the record did not demonstrate that Plaintiff suffered any symptoms of diabetes that would have resulted in a sever impairment on her ability to carry out basic work activities. *Id.*

For the foregoing reasons, Plaintiff's objection as to Judge Ballou's finding of harmless error is overruled. The Court finds, for the same reasons, that there is substantial evidence in the record on which the ALJ based its determination that Plaintiff did not have a severe medical impairment.

3. ALJ's Findings under Ruling 16-3p

Plaintiff argues that the R&R overlooked the ALJ's failure to make specific findings regarding Plaintiff's subjective allegations of pain and limitations, as required by Ruling 16-3p,

which governs the evaluation of Plaintiff's symptoms. Plaintiff claims that the ALJ merely summarized Plaintiff's testimony and the medical evidence in the Record, which she argues is insufficient.

To the contrary, the R&R did address Plaintiff's concerns that the ALJ failed to make specific findings regarding her subjective allegations. Dkt. 19 at 8. While the ALJ did summarize the medical evidence in the record, it cannot be said that he failed to make any specific findings. As Judge Ballou found, the ALJ "set forth [Plaintiff's] subjective complaints about the intensity, persistence and limiting effects of her symptoms in his opinion" and then proceeded to assess whether those allegations were supported by the evidence in the Record, as required by Ruling 16-3p. R&R at 8. The ALJ summarized the evidence in the record on which he based his specific findings, which included, but are not limited to, the following: "Thus, the claimant's glaucoma has not caused more than a slight abnormality having more than a minimal effect on the claimant's ability to perform basic work activities during the relevant adjudicative period" (R. at 14); "In June 2011, the claimant's blood pressure was considered well-controlled with Atenolol and Lisinopril" (R. at 15); "Thus, the claimant's diabetes and hypertension have not caused more than slight abnormalities having more than a minimal effect on the claimant's ability to perform basic work activities" R. at 15. There are more. *See, e.g.*, R. at 14–15.

As support for these specific findings, the ALJ extensively referenced the medical evidence in the record, which the Plaintiff acknowledges. The ALJ did, of course, summarize the medical evidence in the record, as Plaintiff contends, but it was all in service to the specific findings he made after weighing that evidence. Moreover, that medical evidence—which details medications taken, the symptoms experienced, blood sugar levels, A1C levels, and more—clearly meets the low substantial evidence threshold, justifying the ALJ's conclusions that Plaintiff's subjective allegations of fatigue, headaches, blind spots, blurred vision, fluctuating visual acuity, and

dizziness did not constitute severe impairments that significantly limited her ability to perform basic work activities. Therefore, Plaintiff's objection is overruled.

    4.   <u>Substantial Evidence for the ALJ's Conclusions</u>

There can be little doubt that Plaintiff's fourth objection—that the R&R erred in finding that substantial evidence supported the ALJ's conclusion that Plaintiff's glaucoma, diabetes, hypertension and hysterectomy recovery did not meet the requisite severity threshold—constitutes a generalized objection to the R&R. Nonetheless, on *de novo* review, it is clear to the Court that the R&R could not have erred in coming to such a conclusion, because there is no question that the ALJ's findings were supported by substantial evidence in the Record. As discussed in the preceding subsections, the ALJ relied upon Plaintiff's medical history and the opinions of no fewer than four medical sources in order to inform his opinion. R. at 15–16. The ALJ noted that while Plaintiff did have elevated A1C levels prior to her date last insured, she did not report any symptoms of diabetes mellitus, let alone complications such as neuropathy or retinopathy that could lead to a severe impairment. R. at 16. As to her other conditions, the ALJ relied on medical evidence in the record to make the following findings: the ALJ noted that there was little to no evidence in the record that Plaintiff had taken or sought treatment for headaches (R. at 12); cited how she had been able to manage her glaucoma with medication and had "good visual acuity at 20/20 bilaterally" (R. at 14); referenced how her blood pressure was under control with medication (R. at 15); and highlighted that Plaintiff's complications from her hysterectomy appeared to have been healing well (R. at 20).

To the extent that Plaintiff's objection rests on the ALJ's determination of her credibility in making her subjective allegations of pain and limitation, it also fails. Plaintiff's allegations about her pain "need not be accepted to the extent they are inconsistent with available evidence," such as conservative treatment. *Dunn v. Colvin*, 607 F. App'x 264, 274–75 (4th Cir. 2015) (internal

9

citations omitted). Here, the ALJ determined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." R. at 14. The Court finds that the ALJ had more than substantial evidence in the record on which to base that conclusion.

In sum, the ALJ weighed the evidence and found that it did not weigh in favor of finding that Plaintiff had a severe impairment during the relevant time period. It is not for this Court to reweigh the evidence, and, because a reasonable mind could accept the rationale offered by the ALJ, this Court defers to his decision. *Nunn v. Berryhill*, No. 6:17-cv-00054, 2019 WL 1415471, at *4 (W.D. Va. Mar. 28, 2019). Accordingly, Plaintiff's objection is overruled.

## Conclusion

Even construing Plaintiff's objections as containing specific objections to the R&R and thereafter undertaking a *de novo* review of those portions of the R&R to which Plaintiff objected, the Court finds that substantial evidence supports the ALJ's conclusions. Accordingly, the Court will enter an Order overruling Plaintiff's objections, Dkt. 20, adopting the R&R, Dkt. 19, granting the Commissioner's Motion for Summary Judgment, Dkt. 14, denying Plaintiff's Motion for Summary Judgment, Dkt. 12, and dismissing and striking this action from the Court's active docket.

An appropriate Order will issue, and the Clerk of the Court is hereby directed to send a copy of this Memorandum Opinion to the parties.

ENTERED this __1st__ day of June, 2020.

*[Signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE